Robert D. Trotta, Esq. Town Attorney, North East
In a telephone conversation explaining your request for an opinion, you indicated that your question is whether the clerk to the town justice must reside in the town. Also, you are concerned about whether the occupant of this position must file an oath of office and be bonded.
The apparent authority for the establishment of the position of clerk to the town justice is section 109 of the Uniform Justice Court Act. Section 109 provides that "each court shall have such non-judicial personnel as may be provided by the municipal board". Prior to discharging any official duties, each non-judicial employee of these courts must take the oath of office prescribed by law and file the oath in the office of the county clerk and must file a bond in an amount fixed and approved by the municipal board (id., § 111[b] and [c]).
Section 3(1) of the Public Officers Law requires that local officers be residents of the political subdivision of the State for which they are chosen, or within which the electors electing them reside, or within which their official functions are required to be exercised. There are various exceptions to these residency requirements, including the following:
 "nor shall they be applicable in the case of any other persons heretofore or hereafter appointed to non-judicial positions in the courts in this state, except those appointed to positions in courts for towns, villages and cities outside the city of New York." (Id., § 3[8].)
From this provision, we believe it is clear that the Legislature intended that non-judicial personnel serving in courts for towns, villages and cities outside the City of New York, must meet the local residency requirements of section 3.
We conclude that a clerk to the town justice must file an oath of office and post a bond and is required to meet the residency requirements established by section 3 of the Public Officers Law.